K.C. MAXWELL (SBN 214701)
LAW OFFICE OF K.C. MAXWELL
235 Montgomery Street
Suite 1070
San Francisco, CA 94104
P: 415-322-8817
F: 415-888-2372
kcm@kcmaxlaw.com

*Attorney for Defendant*
ALEXANDER IZAGUIRRE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR 11-0867 WHA |
| Plaintiff, | NOTICE OF MOTION AND MOTION TO COMPEL THE PRODUCTION OF DISCOVERY |
| vs. | |
| ALEXANDER IZAGUIRRE, | Date:   March 13, 2012 |
| Defendant. | Time:  2:00 P.M. |
| | Place:  Courtroom 8, 19th Floor |

        PLEASE TAKE NOTICE THAT on March 13, 2012, before the Honorable William Alsup,

in Courtroom 8, of the United States District Court for the Northern District of California,

Defendant Alexander Izaguirre, by and through counsel, will and hereby does move to compel the

government to produce discovery pursuant to the Fifth and Sixth Amendments of the United States

Constitution, the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and this

Court's supervisory powers.  This motion is based on this Notice of Motion and Motion, the

Memorandum filed concurrently with this motion, the Declaration of K.C. Maxwell, all pleadings

and papers on file in this action, and on the oral argument (if any) at the hearing on the motion.

Dated:  February 14, 2012                    /s/ _____
                                             K.C. Maxwell
                                             *Attorney for ALEXANDER IZAGUIRRE*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

By letter of February 7, 2012, Defendant Alexander Izaguirre requested that the government provide documents and discovery essential to Mr. Izaguirre's defense.  Declaration of K.C. Maxwell (Maxwell Decl. ), Ex. A.  The government promised to produce additional discovery on February 13, 2012.[1]  Maxwell Decl., ¶ 2.  As of this morning – the filing deadline for this motion – the government had produced only three documents to the defense: (1) the transcript of Mr. Izaguirre's grand jury testimony; (2) a three-page report by the Daly City Police Department summarizing an interview with an unnamed witness; and (3) a ten-page report by the Department of Homeland Security summarizing an interview with witness Wilson Villalta.

The government's production falls woefully short of its constitutional and statutory obligations to provide discovery to the defense in this matter.  Accordingly, Mr. Izaguirre brings this motion to compel the government to provide the requested discovery under the Fifth and Sixth Amendments to the United States Constitution, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), Federal Rule of Criminal Procedure 16, this Court's supervisory powers, and other provisions of law as set forth below.

//

//

//

//

//

_____

[1] Because the government indicated at noon on February 14, 2012 that it had further discovery, some of which is to be picked up at the U.S. Attorney's Office, we file this motion to preserve the issues and will supplement or narrow the motion after receiving and reviewing that discovery.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[2]

### A.  Mr. Izaguirre's Testimony To The Grand Jury

The government has charged Mr. Izaguirre with perjury, 18 U.S.C. § 1621, for his September 2009 testimony to a grand jury investigating the activities of MS-13.  Mr. Izaguirre is not a member of MS-13, and the government does not allege that he is.  While Mr. Izaguirre was in custody for unrelated state charges, he was housed with two MS-13 members, Wilson Villalta and Luis Herrera.  Mr. Izaguirre testified regarding a recent homicide near the Daly City BART station involving Mr. Herrera, Mr. Villalta and another MS-13 member, Danilo Velasquez.

In September 2009, the government indicted Mr. Herrera and Mr. Velasquez for racketeering conspiracy, conspiracy to commit murder in aid of racketeering, and other charges relating to their involvement with MS-13.  Mr. Villalta cooperated with the government, and testified against Mr. Velasquez and Mr. Herrera at trial.

The government does not dispute the substance of Mr. Izaguirre's testimony to the grand jury; rather, it challenges the source of the information to which he testified.  In October 2009, shortly after the government filed the indictment against Mr. Velasquez and Mr. Herrera, Mr. Villalta recanted his earlier statement and told the government that Mr. Izaguirre's knowledge of the shooting was based solely on facts Mr. Villalta relayed to him.

In April 2011, the government deported Mr. Izaguirre to Honduras.  The assistant U.S. attorneys prosecuting the MS-13 defendants made no attempt to prevent or postpone his deportation.  Maxwell Decl., Ex. B.  In August 2011, Mr. Izaguirre was detained in the Northern District of Arizona for re-entering the country.

---

[2] Unless otherwise indicated, the facts and procedural background set forth in this section are based in papers and exhibits by filed by the government and Mr. Velasquez in related proceeding *United States v. Velasquez*, 08-CR-730 WHA, Dkt. Nos. 5377, 5346, 5369, and 5370. Should the Court require additional hard copies, counsel will provide them immediately upon request.

The government filed the indictment against Mr. Izaguirre on November 30, 2011, more than two years after his testimony to the grand jury.

**B. The Government's Opposition To Mr. Velasquez's Motion To Dismiss The Indictment**

Mr. Velasquez and Mr. Herrera proceeded to trial in October 2011, before the government obtained the indictment of Mr. Izaguirre. Several days before the start of the trial, the government informed counsel for Mr. Herrera that Mr. Villalta had made statements contradicting Mr. Izaguirre's testimony to the grand jury. Mr. Velasquez moved to dismiss the indictment against him, arguing that it was tainted by the government's presentation of Mr. Izaguirre's allegedly false testimony to the grand jury.[3]

The government opposed the motion to dismiss, arguing that Mr. Velasquez suffered no prejudice because the grand jury would have indicted him regardless of Mr. Izaguirre's testimony. Maxwell Decl., Ex. C. The government characterized Mr. Izaguirre's statements to the grand jury as "limited and immaterial," having a "minimal influence, if any at all," on the grand jury's decision-making. *Id.* at 3.

Most notably, the government argued that the grand jury was presented with a "mountain of evidence entirely independent of Izaguirre's information" sufficient to procure the indictment of Mr. Velasquez. *Id.* at 4. This evidence included statements from Mr. Villalta, telephone records, fingerprint evidence, and phone calls between the targets and Mr. Villalta discussing one of the guns used in the shooting. *Id.* at 4-5. The government stated:

> Based on this information *alone*, there was ample evidence from which the grand jury could find probable cause that the defendant conspired to conduct the affairs of MS-13, conspired to commit murder in aid of MS-13, conspired to commit assault with a dangerous weapon in aid of MS-13, and possessed a firearm (or aided and abetted another's possession of a firearm) in furtherance of the MS-13 related racketeering conspiracies.

---

[3] Mr. Herrera also filed a motion to dismiss based on the same argument, but subsequently withdrew it.

*Id.* at 5 (emphasis in original).

The government also stated that Mr. Izaguirre's testimony consisted of hearsay, and that the grand jury was specifically instructed on the limitations of hearsay.  The government argued:

> [The] Grand Jury that indicted the defendant was able to discount the probative value of Izaguirre's information against the defendant. *As such, the information provided by Izaguirre on its face had minimal influence, if any at all, on the Grand Jury's decision to indict the defendant* .

*Id.* at 3 (emphasis added).

Additionally, the government noted that according to Mr. Villalta, Mr. Izaguirre had other sources of information concerning the shooting, independent of Mr. Villalta, on which Mr. Izaguirre could have based his knowledge.  The government thereby argued that the only false part of Mr. Izaguirre's testimony was *how he acquired his knowledge*, such that his allegedly false testimony was "limited and immaterial":

> Villalta also noted that he believed Izaguirre may have overheard independently some of what Luis Herrera admitted.  (See, e.g., Def. Ex. F at WV-000041, ROI stating, "Villalta claims that he did not give Izaguirre any details, and Izaguirre overhead the details about the Daly City BART shooting."); Def. Ex. G at S3-004037 (Daly City Police Report of Villalta interview stating, "Izaguirre also talked to Killer and made friends with him. Izaguirre apparently learned some details of the Daly City BART murder from Killer that were even unknown to Villalta. Some of these details included the fact that Killer, Triste, and Tweety dumped their stolen car in the Castro immediately after the shooting.").  Thus, the same source who cast doubt on Izaguirre's grand jury testimony — Wilson Villalta — also indicated that Izaguirre lied not about having information relating to the BART shooting or the substance of the information, but only about how Izaguirre acquired it, i.e., overheard it from Herrera versus being told directly by Herrera, which led the Government to conclude that, although Izaguirre would not be a suitable prosecution witness, his false statements to the Grand Jury were *limited and immaterial.*

*Id.* at 2-3, n.1 (emphasis added).  Thus, by the government's own statements, the government has conceded that Mr. Izaguirre's testimony is immaterial with respect to the indictment of Mr. Velasquez.  By the same underlying logic, Mr. Izaguirre's testimony was also immaterial with respect to Mr. Herrera's indictment.

Not surprisingly, counsel for Mr. Izaguirre anticipates that materiality will be a critical element of his defense.  Much of the discovery requested by Mr. Izaguirre is directly relevant to the materiality of his testimony.

## III.   ARGUMENT

### A.  Legal Standards Governing The Production Of Discovery

#### 1.  Rule 16 Requires The Government To Disclose Evidence Material To The Defense

Mr. Izaguirre has requested discovery from the government pursuant to Federal Rule of Criminal Procedure 16.  Maxwell Decl., Ex. A at ¶¶ A-J.  Rule 16 requires the government to permit a defendant access to documents and other information within the "government's possession, custody, or control" if the items are "material to preparing the defense."  Fed. R. Crim. P. 16(a)(1)(E)(i); *United States v. Armstrong*, 517 U.S. 456, 462 (1996).  To obtain discovery under this rule, a defendant must simply make "a threshold showing of materiality, which requires a presentation of 'facts which would tend to show that the Government is in possession of information helpful to the defense.'" *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (quoting *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990)).

#### 2.  Discovery Requirements Under *Brady v. Maryland* And *Giglio v. United States*

Mr. Izaguirre has requested all discovery exculpatory to Mr. Izaguirre under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972).  Maxwell Decl., Ex. A at ¶ K.  The government must disclose to the defendant all "evidence . . . material either to guilt or to punishment." *Brady*, 373 U.S. at 87.  This obligation is rooted in the Due Process Clause of the Fifth Amendment. *Id.*; *United States v. Agurs*, 427 U.S. 97, 107 (1976).  The obligation extends to the production of evidence impeaching a witness's credibility. *Giglio,* 405 U.S. at 154; *United States v. Kohring*, 637 F.3d 895, 901 (9th Cir.  2011).  Additionally, *Brady* requires disclosure of exculpatory information that is either admissible or is reasonably likely to lead to admissible evidence. *United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1200 (C.D. Cal. 1999).

5

Where doubt exists as to the usefulness of evidence, the government should resolve such doubts in favor of full disclosure.  *United States v. Van Brandy*, 726 F.2d 548, 552 (9th Cir. 1984).

### 3.   Production Of Grand Jury Materials

Mr. Izaguirre has requested certain grand jury materials, including the instructions to the grand jury that indicted Mr. Izaguirre, all grand jury testimony from the matter of *United States v. Velasquez, et al.*, No. 08-CR-730 WHA, and the recorded audio of Mr. Izaguirre's testimony to that grand jury.  Maxwell Decl., Ex. A at ¶¶ D, F(3), and F(6).  The Court has the discretion to disclose grand jury materials "preliminarily to or in connection with a judicial proceeding."  Fed. R.Crim.P. 6(e)(3)(E)(i).  At the request of a defendant, a trial judge should order disclosure of grand jury transcripts where the defendant has demonstrated a "particularized need" that "outweighs the policy of secrecy."  *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (quoting *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959)).  The Supreme Court reaffirmed the "particularized need" standard in *Dennis v. United States*, 384 U.S. 855, 870 (1966), with a general suggestion in favor of disclosure.  *Walczak*, 783 F.2d at 857.

### 4.   Disclosures Predicate To Motions Under Federal Rule Of Criminal Procedure 12

Under Federal Rule of Criminal Procedure 12, Mr. Izaguirre has requested the government to inform him of its intent to use various categories of evidence, including statements by Mr. Izaguirre, and evidence obtained through searches and seizures, electronic or mechanical surveillance, Title III surveillance, mail or trash covers, or informants or undercover agents.  Maxwell Decl., Ex. A at ¶ L.  Rule 12 provides that, "the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16."  Fed.R.Crim.P. 12(b)(4)(B).  Rule 12(b)(4)(B) is intended to make it possible for defendants to "avoid the necessity of moving to suppress evidence which the government does not intend to use."  *United States v. W. Titanium, Inc.*, 08-CR-4229-JLS, 2010

WL 4117294 (S.D. Cal. Oct. 18, 2010) (quoting *United States v. Cruz-Paulino*, 61 F.3d 986, 993 (1st Cir.1995) (quoting Fed.R.Crim.P. 12 Advisory Committee's note)).

**B. The Government's Statutory And Constitutional Obligations Require Production Of The Requested Materials**

**1. Discovery Requested Under Paragraphs A Through E and G through J Must Be Produced Under The Plain Language Of The Statute**

In Mr. Izaguirre's First Request for Discovery, he requests documents and items that the government must produce under the plain language of Rule 16. *See* Maxwell Decl., Ex. A, ¶¶ A-E, G-J. Additionally, by this motion, Mr. Izaguirre specifically requests the *audio* recording of Mr. Izaguirre's grand jury testimony. Because Mr. Izaguirre testified in Spanish through an interpreter, and because no translation can capture the exactly precise meaning of statements in another language, the audio recording of his testimony is particularly material to any assessment of the truth or meaning of his statements. To the extent these materials may be exculpatory or impeachment of the government's witnesses, the government must also produce them under *Brady* and *Giglio*.

**2. Discovery Requested Under Paragraph F Is Highly Material And Exculpatory**

As set forth above, counsel for Mr. Izaguirre anticipates that materiality will be a critical issue in his defense. Materiality is a necessary element of perjury under § 1621. *United States v. Hvass*, 355 U.S. 570, 574 (1958). Unless the government can prove beyond a reasonable doubt that Mr. Izaguirre's allegedly false statements to the grand jury were material, Mr. Izaguirre cannot be found guilty of perjury. *See Hvass*, 355 U.S. at 574. A statement is material if "it has a natural tendency to influence, or was capable of influencing, the decision of the decision-making body to which it was addressed." *United States v. McKenna*, 327 F.3d 830, 839 (9th Cir. 2003) (quoting *United States v. Leon-Reyes*, 177 F.3d 816, 820 (9th Cir.1999)). Here, the government does not allege that Mr. Izaguirre falsely identified Mr. Velasquez and Mr. Herrera as the shooters, or that

he falsely testified as to the facts of the Daly City shooting.  Rather, the government alleges that he falsely testified about *how he heard that information.*

Mr. Izaguirre also requests "all materials tending to show that the allegedly false testimony was or was not material" or "was or was not false."  Maxwell Decl., Ex. A, ¶ F.  Specifically, Mr. Izaguirre's defense on the materiality issue requires the government to produce transcripts of all testimony before the grand jury from the matter of *United States v. Velasquez, et al.*, No. 08-CR-730 WHA, as well as the instructions to the grand jury.  As the government has conceded, the grand jury was presented with a "mountain of evidence entirely independent of Izaguirre's information" sufficient to procure the indictment of Mr. Velasquez, rendering Mr. Izaguirre's testimony "limited and immaterial."  Mr. Izaguirre anticipates that the same will be true regarding the indictment of Mr. Herrera.  Discovery requested under this paragraph is thereby highly material and exculpatory; Mr. Izaguirre has the right to present this "mountain of evidence" to the petit jury, allowing the triers of fact to confirm the government's assessment.  Accordingly, Mr. Izaguirre has demonstrated a "particularized need" for the grand jury materials, *see Walczak*, 783 F.2d at 857, outweighing whatever need for secrecy still applies to those proceedings, now more than two years old.  The government must therefore produce those materials.

In subparagraph (4), Mr. Izaguirre also requests Mr. Villalta's plea agreement.  Counsel for Mr. Izaguirre anticipates that the Government will rely on Mr. Villalta's statements and/or testimony at trial.  Offers made by the government to Mr. Villalta are therefore impeachment material, and discoverable under *Giglio*.

Additionally, Mr. Izaguirre requests materials pertaining to his deportation in subparagraphs (7) and (8).  The fact that the government deported Mr. Izaguirre following his testimony to the grand jury shows that the government believed Mr. Izaguirre to be innocent of perjury, or that the government was in possession of materials supporting its belief that Mr.

Izaguirre was innocent of perjury.  The government must produce such exculpatory material and information under *Brady*.

### 3. The Government Must Produce Discovery Requested Paragraph K Under *Brady* And *Giglio*

Mr. Izaguirre generally requests exculpatory and impeachment materials under *Brady* and *Giglio*.  Maxwell Decl., Ex. A, ¶ K.  These requests include documents in the possession of the DOJ, ICE, or any other agency connected to the prosecution, regardless of whether the prosecutor is currently aware of them.  Courts have held that documents are in the possession, custody, or control of the government (for the purposes of *Rule 16 of the Federal Rules of Criminal Procedure* and *Brady*) when the agency that holds the documents participated in the investigation of the defendant, or when the prosecutor has "knowledge of and access to the documents."  *United States v. Santiago*, 46 F. 3d 885, 893-94 (9th Cir. 1995) (quotation omitted); *see also United States v. Marshall,* 132 F. 3d 63, 69 (D.C. Cir. 1998); *United States v. Libby,* 429 F. Supp. 2d 1, 5-11 (D. D.C. 2006) (holding that prosecution must produce otherwise discoverable documents in the possession of the CIA, because the CIA referred the matter to the DOJ for prosecution and cooperated with the investigation); *see also* 9 UNITED STATES ATTORNEY'S MANUAL, CRIMINAL RESOURCE MANUAL § 2052(B)(1) (2002).  As such, the government has a constitutional obligation to locate and produce the requested materials.

### 4. Under Federal Rule Of Criminal Procedure 12, The Government Must Provide Mr. Izaguirre With The Information Requested In Paragraph L

Mr. Izaguirre requests the government to disclose information under Federal Rule of Criminal Procedure 12, allowing him to prepare any potential motions to exclude under subparagraph 12(b)(3)(C).  Maxwell Decl., Ex. A, ¶ L.  The government must make these disclosures under the plain language of the statute.

**5. Under The Federal Rules Of Evidence, The Government Must Disclose The Information Requested In Paragraphs M Through O**

Mr. Izaguirre requests the government to make disclosures under Federal Rules of Evidence 404(b), 801(d)(2), and 1006. Maxwell Decl., Ex. A, ¶¶ M-O.  The government is required to make the requested disclosures under the plain language of the Rules.

**IV.    CONCLUSION**

For the reasons set forth above, Mr. Izaguirre respectfully asks this Court to compel production of the materials and discovery requested in Mr. Izaguirre's First Request for Discovery.

Dated:  February 14, 2012              /s/

K.C. Maxwell
*Attorney for ALEXANDER IZAGUIRRE*