# EXHIBIT A



LAW   OFFICE   OF

# K · C · MAXWELL

February 7, 2012

**VIA ELECTRONIC MAIL**
Mr. Wilson Leung
Assistant United States Attorney
United States Attorney's Office
Northern District of California
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102

Re:     **United States v. Izaguirre, CR 11-0867-WHA;**
        **Defendant Alexander Izaguirre's First Request for**
        **Discovery**

Dear Mr. Leung:

On behalf of Alexander Izaguirre, I submit this first request for discovery. The documents and information that we request are discoverable under the Fifth and Sixth Amendments to the United States Constitution, Brady v. Maryland, 373 U.S. 83 (1963), Fed. R. Crim. P. 16, and other provisions of federal law set forth below. We ask that you provide the discovery requested in this letter and advise us of any specific requests with which the government declines to comply. We will be glad to meet with you to discuss the requests and attempt to resolve any differences we might have.

The documents[1] and information requested include not only documents and information in the possession, custody, or control of your office, but also documents and information in the possession, custody, or control of any agency allied with the prosecution, including Department of Homeland Security ICE, the Daly City Police

---

[1] The word "documents" includes all books, papers, letters, correspondence, e-mails, notebooks, reports, memoranda, studies, diaries, notes, messages, computer facilitated or transmitted materials, images, photographs, information in any computer database, audio and video tapes, recordings, transcripts, ledgers, printouts, and all copies or portions thereof, and any other written, recorded, or memorialized material of any nature whatsoever.

As used in this letter, the words "and" and "or" mean "and/or," and the words "includes" and "including" mean "includes (or including) without limitation."

Mr. Wilson Leung
February 7, 2012
Page 2

Department, and any other law enforcement agency involved in the investigation of the
20th Street Mara Salvatrucha gang (collectively "the government").

## DISCOVERY REQUESTS

A.    The substance of any oral statement made by Mr. Izaguirre in response to
interrogation by any person then known by him to be a government agent if the
government intends to use that statement at trial.  Fed. R. Crim. P. 16(a)(1)(A).

B.    Any relevant written or recorded statements made by Mr. Izaguirre within
the possession, custody, or control of the government, the existence of which is known,
or by the exercise of due diligence could be known, to the attorneys for the government.
Fed. R. Crim. P. 16(a)(1)(B)(i).

C.    That portion of any written record containing the substance of any relevant
oral statement made by Mr. Izaguirre in response to interrogation by any person then
known to him to be a government agent.  Fed. R. Crim. P. 16(a)(1)(B)(ii).

D.    Mr. Izaguirre's recorded testimony (if any) before a grand jury relating to
the charged offenses.  Fed. R. Crim. P. 16(a)(1)(B)(iii).

E.    A copy of Mr. Izaguirre's prior criminal record (if any) as is within the
possession, custody, or control of the government, the existence of which is known, or by
the exercise of due diligence could be known, to the attorneys for the government.  Fed.
R. Crim. P. 16(a)(1)(D).

F.    All books, papers, documents, data, photographs, tangible objects,
buildings or places, or copies or portions thereof (collectively "materials") that are
material to preparing the defense and are within the government's possession, custody, or
control, Fed. R. Crim. P. 16(a)(1)(E)(i).

   (1)    All materials tending to show that the allegedly false testimony
          was or was not material.

   (2)    All materials tending to show that the testimony at issue was or
          was not false.

   (3)    A copy of the instructions to the grand jury that indicted Mr.
          Izaguirre.

   (4)    Mr. Villalta's plea agreement.

   (5)    All investigative reports and/or notes from Mr. Izaguirre's period
          of cooperation.

Mr. Wilson Leung
February 7, 2012
Page 3

      (6)     All grand jury testimony from the matter entitled <u>United States</u> v. <u>Velasquez</u>, et al. (No. CR08-730 WHA).

      (7)     All materials pertaining to Mr. Izaguirre's deportation following his grand jury appearance.

      (8)     All communications between ICE employees, DOJ employees, and any other law enforcement or immigration officials relating to Mr. Izaguirre's deportation.

      G.     All books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions thereof that the government intends to use at trial as evidence in chief and are within the government's possession, custody, or control. Fed. R. Crim. P. 16(a)(1)(E)(ii). This includes not only those materials that will be marked and offered into evidence, but also those materials that will be relied on or referred to in any way by any witness (including any expert witness) called by the government during its case in chief. We ask that any materials that the government intends to use at trial as evidence in chief be specifically identified, both to enable counsel to prepare effectively for trial and to afford Mr. Izaguirre an opportunity to move to suppress any such evidence. <u>See</u> Fed. R. Crim. P. 12(b)(3)(C) and 12(b)(4)(B). In addition, with respect to all materials produced pursuant to Fed. R. Crim. P. 16(a)(1)(E) or <u>Brady</u>, we ask that you identify the source of the materials.

      H.     All books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions thereof that were obtained from or belong to Mr. Izaguirre and that are within the government's possession, custody, or control. Fed. R. Crim. P. 16(a)(1)(E)(iii).

      I.     All results or reports of physical or mental examinations, scientific tests or experiments, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence could be known, to the attorneys for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial, Fed. R. Crim. P. 16(a)(1)(F).

      J.     A written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial. The summary should describe the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications. Fed. R. Crim. P. 16(a)(1)(G).

      K.     Pursuant to <u>Brady</u> v. <u>Maryland</u>, 373 U.S. 83 (1963), and its progeny, including <u>Kyles</u> v. <u>Whitley</u>, 514 U.S. 419 (1995), and <u>Giglio</u> v. <u>United States</u>, 405 U.S. 150 (1972), Mr. Izaguirre requests prompt disclosure of all documents and information (in whatever form) that would tend to exculpate him with respect to the charges in the indictment, or that would tend to reduce any sentence, including without limitation:

Mr. Wilson Leung
February 7, 2012
Page 4

(1)    All documents or information (in whatever form) tending to establish that any of the allegations in the indictment are not true.

(2)    All documents or information (in whatever form) responsive to the requests set forth in ¶¶ F(1)-(8) above.

(3)    All assessments or evaluations of Mr. Izaguirre, prepared by the DOJ, ICE, or any other agency connected to the prosecution, tending to show his testimony was not material to the grand jury.

(4)    All documents or information (in whatever form) tending to corroborate information provided by Mr. Izaguirre between 2009 and the present.

(5)    All documents or information (in whatever form) tending to show that the DOJ, ICE, or any other agency connected to the prosecution was aware at any time that Mr. Izaguirre lied to the grand jury as alleged in the Indictment.

(6)    All documents or information (in whatever form) prepared by the DOJ, ICE, or any other agency connected to the prosecution relating to the decision and authorization to deport Mr. Izaguirre in April 2011.

(7)    All documents or information (in whatever form) prepared by the DOJ, ICE, or any other agency connected to the prosecution relating to the determination that Mr. Izaguirre would not be a government witness or prospective government witness in the case entitled United States v. Velasquez, et al. (No. CR08-730 WHA).

(8)    All documents or information (in whatever form) that may be used to impeach any potential prosecution witness,[2] including:

        a.    all documents or information (in whatever form) relating to any conviction or arrest of any potential prosecution witness, including any juvenile adjudication or arrest;

        b.    all documents or information (in whatever form) relating to promises, consideration, or inducements made to any

---

[2] As used in ¶ (K)(8), the term "prosecution witness" includes both witnesses whom the prosecution intends to call to the witness stand and declarants whose out-of-court statements the prosecution intends to present as non-hearsay or pursuant to a hearsay exception. See Fed. R. Evid. 806.

Mr. Wilson Leung
February 7, 2012
Page 5

potential prosecution witness, whether directly to the witness or indirectly to the witness' attorney, friends, family, or business associates. "Consideration" means anything of value or use, including without limitation immunity grants, whether formal or informal, witness fees, transportation assistance, money, or assurance of favorable treatment with respect to any criminal, civil, or administrative matter, including any immigration matter;

c. all documents or information (in whatever form) relating to inconsistencies in statements or testimony given by any potential prosecution witness;

d. all documents or information (in whatever form) relating to any polygraph examination administered to any potential prosecution witness;

e. all documents or information (in whatever form) that would tend to impeach the credibility of any potential prosecution witness;

f. all documents or information (in whatever form) bearing adversely on the character or reputation for truthfulness of any potential prosecution witness;

g. all documents or information (in whatever form) relating to any psychological or psychiatric treatment or condition of any potential prosecution witness that could affect the witness' memory, perception, veracity, or credibility;

h. all documents or information (in whatever form) relating to any drug or alcohol use by any potential prosecution witness that could affect the witness' memory, perception, veracity, or credibility;

i. all documents or information (in whatever form) relating to any physical or organic condition of any potential prosecution witness that could affect the witness' memory, perception, veracity, or credibility; and

j. each specific instance of conduct from which it could be inferred that any potential prosecution witness is untruthful.

L. As a predicate to motions pursuant to Fed. R. Crim. P. 12, Mr. Izaguirre requests that he be informed:

Mr. Wilson Leung
February 7, 2012
Page 6

(1)     Whether the prosecution intends to offer into evidence any statement made by Mr. Izaguirre and the substance of any such statement.

(2)     A description of all evidence in the government's possession, custody, or control that was obtained by a search and seizure.

(3)     Whether any evidence in the government's possession, custody, or control was obtained through electronic or mechanical surveillance, including without limitation wiretaps, body wires, pen registers, interception of telephone and fax communications, interception of e-mails, or video surveillance, and a description of such evidence.

(4)     In connection with any electronic or mechanical surveillance of Mr. Izaguirre during the investigation of the allegations of the indictment or any related allegations, please provide: (a) video and audiotape and transcripts of the statements or conversations monitored, (b) copies of any fax communications or e-mails intercepted, (c) the procedures used to conduct such surveillance, and (d) the authority under which such surveillance was conducted.

(5)     With respect to all evidence the government obtained relating to Mr. Izaguirre under the purported authority of 18 U.S.C. § 2510 et seq, ("Title III"), please provide: (a) all applications, certifications, affidavits, and other materials submitted to the Court in connection with any request for authority to obtain such evidence (including all materials related to requests to extend an existing Title III order); (b) all orders of the court purporting to grant such authority; (c) all evidence relating to measures taken by the government to reduce the interception of communications unrelated to the criminal activity under investigation; (d) all documents relating to Title III that were served upon Mr. Izaguirre, including but not limited to any notices issued after the termination of the surveillance; (e) all documents relating to the sealing of information obtained pursuant to Title III surveillance; (f) all documents relating to other investigative procedures that were tried and failed; and (g) all documents relating to the basis on which the government concluded that other investigative procedures were unlikely to succeed if tried or were too dangerous.

(6)     Whether any evidence in the government's possession, custody, or control was obtained through a mail cover or trash cover, and a description of such evidence.

Mr. Wilson Leung
February 7, 2012
Page 7

       (7)    Whether the government employed any informant or undercover agent during its investigation of the charges against Mr. Izaguirre.

    M.    Under Fed. R. Evid. 1006, Mr. Izaguirre requests that he be advised whether the prosecution will seek to offer any chart, summary, or calculation in evidence, and, if so, (1) that all such charts, summaries, and calculations be produced, and (2) that all writings, recordings, or other information on which such charts, summaries, or calculations are based be made available for inspection and copying.

    N.    Mr. Izaguirre requests that the prosecution disclose whether it intends to offer in its case in chief as a statement by Mr. Izaguirre any of the following, and that it provide the substance of any such statement:

       (1)    Any statement as to which Mr. Izaguirre allegedly manifested his adoption or belief in its truth.  Fed. R. Evid. 801(d)(2)(B).

       (2)    Any statement made by another, which was purportedly authorized by Mr. Izaguirre.  Fed. R. Evid. 801(d)(2)(C).

       (3)    Any statement made by an agent or employee of Mr. Izaguirre concerning a matter within the scope of his or her agency or employment made during the existence of such a relationship.  Fed. R. Evid. 801(d)(2)(D).

       (4)    Any statement made by an alleged co-conspirator during the course of and in furtherance of any alleged conspiracy.  Fed. R. Evid. 801(d)(2)(E).

    O.    Mr. Izaguirre requests that the prosecution disclose all evidence of any similar crimes, wrongs, or acts allegedly committed by him, upon which the prosecution intends to rely to prove motive, scheme, opportunity, intent, preparation, knowledge, or absence of mistake or accident.  Fed. R. Evid. 404(b).

    We would appreciate your response to these requests as soon as possible, so that we can attempt to resolve any disputes informally and timely file any necessary discovery motions.

    Very truly yours,

K.C. Maxwell