United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11-867 WHA |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR JUDICIAL RECUSAL** |
| v. | |
| ALEXANDER IZAGUIRRE, | |
| Defendant. | |

This criminal matter is currently pending before District Judge William H. Alsup. On February 14, 2012, defendant filed a motion for judicial recusal asserting that Judge Alsup must recuse himself. On February 16, 2012, Judge Alsup directed that defendant's motion for recusal be randomly assigned to another judge, and on February 21, 2012, the motion was referred to the undersigned judge. On March 16, 2012, the Court held a hearing on defendant's motion. Having considered the arguments of counsel and the parties' papers, the Court finds no basis for recusal in this case.

**BACKGROUND**

Defendant Alexander Izaguirre is charged with perjury based on his testimony before a grand jury that was investigating crimes by several members of the MS-13 street gang. Defendant is not a member of MS-13. On September 24, 2009, defendant testified to a grand jury regarding details of a homicide in Daly City involving MS-13 members Wilson Villalta, Luis Herrera and Danilo Velasquez. The testimony described an alleged conversation between Herrera and defendant while defendant was in custody on unrelated state charges. During his testimony to the grand jury, defendant testified that Herrera personally told him details about his involvement in the homicide. Declaration of W.S. Wilson

Leung ("Leung Decl."), Ex. A. at 8. Based on this and other information, the grand jury served an indictment charging Herrera with murder. The case, *U.S. v. Cerna*, No. 08-730 WHA, was assigned to Judge Alsup.

Herrera moved to dismiss the indictment on the grounds that he had been indicted based on false testimony to the grand jury.[1] Herrera's private investigator interviewed defendant about the details Herrera allegedly related to defendant regarding the homicide. In that interview, defendant recanted those statements completely:

> He said that Mr. Herrera never spoke to him about the Daly City homicide. He further stated that everything he told the ICE agents about the Daly City homicide he learned from Wilson Villalta. He said that Mr. Villalta told him exactly what he [told] law enforcement about the homicide, and that he went along with Mr. Villalta's plan in hopes of receiving consideration in the criminal case that was pending against him at the time.

Leung Decl. Ex. C ¶ 5.

On November 17, 2011, Judge Alsup heard argument on what was now Mr. Velasquez's motion to dismiss. For the purposes of litigating that motion, the government argued that defendant committed perjury. *See* Declaration of K.C. Maxwell in Support of Reply, Ex. 1 at 2. During the argument Judge Alsup expressed concern at the government's decision not to prosecute defendant for perjury. In particular, he stated that it was hard for him "to believe that the Government would let a liar and a perjury person go . . . ." Maxwell Aff., Ex. D.

In his subsequent order denying the motion to dismiss, Judge Alsup stated that "[t]here is no doubt that lies under oath were told to the grand jury," and referred to defendant's grand jury testimony as "perjurious." Maxwell Aff. Ex. E at 1, 3-4. Judge Alsup directed that a copy of the order be sent to the United States Attorney herself, and the order stated that "it is left to [the U.S. Attorney's] good judgment whether and to what extent any follow-up should be made." *Id*. at 7. Nine days after Judge Alsup filed that order, the Government indicted defendant for perjury. The case was originally assigned to Judge Chesney, and after the government filed a notice of related case, Docket No. 2, Judge Alsup determined that this case was related to *Cerna* and this case was reassigned to Judge Alsup.

---

[1] Herrera later withdrew his motion, but his co-defendant Velasquez adopted the motion and continued it.

2

**LEGAL STANDARD**

When a party to a proceeding believes the judge might have a personal bias or prejudice against him he may file an affidavit seeking recusal of that judge. 28 U.S.C. § 144. Title 28 U.S.C. § 455 governs recusal. A judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Generally, extrajudicial sources are the primary bases for establishing disqualifying bias or prejudice under § 455. *Liteky v. United States*, 510 U.S. 540, 551 (1994). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. "[I]n the absence of some *extrajudicial* source of bias or partiality, 'judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'" *United States v. Martin*, 278 F.3d 988, 1005 (9th Cir. 2002) (citing *Liteky*, 510 U.S. at 555) (emphasis in original).

The Supreme Court has also recognized that due process grants the right to an unbiased judge. *See Tumey v. Ohio*, 273 U.S. 510, 523 (1927). Due process requires recusal when "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Hurles v. Ryan*, 650 F.3d 1301, 1309 (9th Cir. 2011) (quoting *Withrow v. Larkin*, 421 U.S. 35 (1975)). To warrant recusal, a claimant need only show the appearance of a potential for bias, not actual bias itself. *Id*.

**DISCUSSION**

In *United States v. Johnson*, 610 F.3d 1138, 1148 (9th Cir. 2010), the Ninth Circuit upheld a ruling by this Court not to recuse Judge Alsup from presiding over a criminal case originating from a referral he made to the U.S. Attorney's office based on the defendant's prior civil case. Judge Alsup's referral of the case to the U.S. Attorney was a "judicial action[] that will not serve as [a basis] for recusal." *Id.* The court noted that "adverse findings do not equate to bias," and found no unusual circumstances requiring recusal in the absence of any "extrajudicial source potentially prejudicing Judge

3

Alsup." *Id.*

Here, there is nothing in the prior proceedings to suggest that Judge Alsup has a "deep-seated favoritism or antagonism that would make fair judgment impossible," or that "his impartiality might reasonably be questioned" under the meaning of § 455 as interpreted in *Liteky*. 28 U.S.C. § 455(a). Like *Johnson*, none of the statements purporting to show Judge Alsup's bias come from an extrajudicial source. All of the statements at issue were made in connection with the motion to dismiss the indictment in the prior proceeding, during which the parties agreed for purposes of the motion that defendant's testimony was perjurious. This also explains Judge Alsup's referral of the matter to the U.S. Attorney. The Court finds that defendant has not demonstrated a basis for recusal under 28 U.S.C. § 445.

Defendant further asserts that due process requires recusal because Judge Alsup has prejudged his guilt and acted as part of the accusatory process. However, all of the cases cited by defendant are distinguishable. In *Caperton v. A.T. Massey Coal Co., Inc.*, 129 S. Ct. 2252 (2009), the Court found that under the "extreme facts" of that case, "the probability of actual bias r[ose] to an unconstitutional level" and the judge should have recused himself. *Id*. at 2265. In *Caperton*, a jury found a coal company, Massey, liable and the trial judge entered a $50 million verdict against the corporation. Knowing that the state Supreme Court of Appeals would hear that corporation's appeal, the corporation's CEO and president, Don Blankenship, donated over $3 million to the campaign of Brent Benjamin, who was seeking election to the state Supreme Court of Appeals. Blankenship's $3 million in donations were more than the total amount spent by all other Benjamin supporters and three times the amount spent by Benjamin's own committee. Benjamin won by less than 48,000 votes. The plaintiffs in the case moved to recuse now-Justice Benjamin from hearing Massey's appeal, and Justice Benjamin denied the motion on the ground that there was no actual bias. In a 3-2 decision, the Supreme Court of Appeals reversed the $50 million verdict. The United States Supreme Court found that Justice Benjamin should have recused himself because "Blankenship's significant and disproportionate influence—coupled with the temporal relationship between the election and the pending case—'offer a possible temptation to the average . . . judge to . . . lead him not to hold the balance nice, clear and true.'" *Id*. at 2265 (internal citation omitted). In this case, there are neither "extreme facts" nor an extrajudicial basis for recusal.

4

In *In re Murchison*, the Supreme Court held that due process requires recusal where a judge is also part of "the accusatory process." 349 U.S. 133, 137 (1955). In that case the judge himself interrogated, charged, prosecuted, convicted, and sentenced the defendant on a charge of perjury, *id*. at 134-35, and acted as a one-man "judge-grand jury." *Id.* at 137. Here, unlike *Murchison*, Judge Alsup simply made a referral to the U.S. Attorney's office for investigation. The other cases cited by defendant are similarly inapposite. *See Hurles v. Ryan*, 650 F.3d 1301, 1315 (9th Cir. 2011) (holding recusal warranted where, *inter alia*, the trial judge had improperly "injected" herself in interlocutory appeal of pretrial order, thus transforming judge from "impartial dispenser of justice" to that of an "adversary"); *United States v. Womack*, 454 F.2d 1337, 1341 (5th Cir. 1972) (recusal warranted where district court judge (1) told the jury in a co-defendant's case that the defendant was "certainly a shady character" and that the defendant was liable if the jury found his co-defendant liable, and (2) denied the defendant's motion for change of venue and stated that "the court was convinced appellant was guilty and would be so found by a Pecos jury. . . . [and] that appellant could expect favorable treatment at his hands only if appellant saved the Government money in the trial of the cause.").

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES defendant's motion for recusal. Docket No. 12.

**IT IS SO ORDERED.**

Dated: March 20, 2012

SUSAN ILLSTON
United States District Judge