MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

W.S. WILSON LEUNG (CABN 190939)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6758
    Facsimile: (415) 436-6753
    E-Mail: wilson.leung@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>ALEXANDER IZAGUIRRE,<br><br>    Defendant. | No. 11-CR-0867-WHA<br><br>GOVERNMENT'S RESPONSE TO DEFENDANTS' DISCOVERY MOTION (DOCKET #9)<br><br>Date:  April 3, 2012<br>Time:  2:00 pm<br>Court: Hon. William Alsup |

### I. Introduction

The Government respectfully submits this Response to the defendant's motion for discovery filed on February 14, 2012 (Docket #9). Because the defendant on the same day filed a motion seeking to recuse the Court from this matter (Docket #12), the defendant's discovery motion was continued until April 3, 2012 at 2:00 pm. See March 13, 2012 Stipulation and Order (Docket #27). On March 16, 2012, the Honorable Susan Illston, who had been randomly assigned to adjudicate the recusal motion, heard argument and denied the motion. See March 20, 2012 Order Denying Recusal Motion (Docket #30); see also Docket Entry #28.

For all of the following reasons, the Government has complied with all of its discovery obligations under Rule 16(a), and the defendant's discovery motion should be denied.

## II. Applicable Law

"There is no general constitutional right to discovery in a criminal case, and Brady did not create one." Weatherford v. Bursey, 429 U.S. 545, 559 (1977). "[T]he Due Process clause has little to say regarding the amount of discovery which the parties must be afforded." Wardius v. Oregon, 412 U.S. 470, 474 (1973). Rather, Fed. R. Crim. P. 16(a) provides principal guidance for discovery in criminal cases. See United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976) ("Brady does not create any pre-trial discovery privileges not contained in the Federal Rules of Criminal Procedure."), cited in United States v. Abonce-Barrera, 257 F.3d 959, 970 (9th Cir. 2001); see also United States v. Jones, 612 F.2d 453, 455 (9th Cir. 1979) ("When the defense seeks evidence which qualifies as both Jencks Act and Brady material, the Jencks Act standards control."), quoted in United States v. Alvarez, 358 F.3d 1194, 1211 (9th Cir. 2004).

Rule 16, in turn, specifically enumerates exactly what items are subject to pre-trial discovery. See Fed. R. Crim. P. 16(a). Notably, any statements made to known law enforcement officers by the defendant; any written or recorded statements of the defendant, the defendant's criminal history; documents and objects material to preparing the defense, that Government intends to use in its case, or that was obtained from or belonged to the defendant; and reports of examinations and tests. See id. In contrast, Rule 16(a)(2) specifically excludes from discovery any report, memoranda, or other internal government document "made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Likewise, the statements of prospective Government witnesses is also excepted from discovery. Rather, the production of witness statements is governed by the Jencks Act. See 18 U.S.C. § 3500 (Jencks Act); Fed. R. Crim. P. 16(a)(2); Fed. R. Crim. P. 26.2(a). Moreover, the Ninth Circuit has held that mere summaries of witness statements are not subject to discovery either. See United States v. Bernard, 625 F.2d 854, 859 (9th Cir. 1980) (holding that Government has no obligation to memorialize witness statements and that mere "[d]escriptions of interviews with witnesses that are not 'substantially verbatim' are not discoverable under the Jencks Act").

//

On appellate review, a district court's decision regarding discovery is only reviewable for abuse of discretion.  See, e.g., Alvarez, 358 F.3d at 1210 ("We review discovery questions, including alleged Brady and Jencks Act rulings, for abuse of discretion.").

**III.    Discussion**

Here, the defendant's motion should be denied because it is moot.  To date, the Government has provided all material required to be produced under Rule 16(a) that is known to it and in its possession, including: (1) Immigration and Customs Enforcement ("ICE") Reports of Investigation summarizing interviews with the defendant; (2) a Daly City Police report summarizing an interview with the defendant; (3) a recording of the Daly City Police interview; (3) the defendant's rap sheet; (4) a transcript of the defendant's September 24, 2009 testimony before the Grand Jury; (5) an ICE Report of Investigation summarizing an interview of Raul Garcia; and (6) the October 23, 2011 sworn declaration of private investigator Keith McArthur, who was employed by Luis Herrera, a defendant in the MS-13 case, and who interviewed the defendant.  Notably, although not required to do so under Rule 16(a), the Jencks Act, and the Ninth Circuit's decision in Bernard, the Government has already provided to the defendant summaries of the statements of prospective witnesses as well as some verbatim statements of a prospective witness.  Accordingly, the Government has complied fully with its discovery obligations under Rule 16(a).

Of course, as the Government has advised the defendant, it understands that its discovery obligations are ongoing.  Thus, if additional responsive material comes to the Government's attention and possession, it will provide such material promptly.

**IV.    Conclusion**

For all of the foregoing reasons, the defendant's discovery motion should be denied.

DATED: March 22, 2012                    Respectfully submitted,

                                            MELINDA HAAG
                                            United States Attorney


                                              /s/
                                            W.S. Wilson Leung
                                            Assistant United States Attorney